1   SHEPPARD, MULLIN, RICHTER & HAMPTON LLP
      A Limited Liability Partnership
2      Including Professional Corporations
    GREGORY F. HURLEY, Cal. Bar No. 126791 (Pro Hac Vice)
3   ghurley@sheppardmullin.com
    MICHAEL J. CHILLEEN, Cal. Bar No. 210704 (Pro Hac Vice)
4   mchilleen@sheppardmullin.com
    650 Town Center Drive, 4th Floor
5   Costa Mesa, California 92626-1993
    Telephone:   714.513.5100
6   Facsimile:   714.513.5130
    *(Pro Hac Vice Forthcoming)*
7
    QUARLES & BRADY LLP
8   LAUREN ELLIOTT STINE (AZ Bar #025083)
    lauren.stine@quarles.com
9   One Renaissance Square
    Two North Central Avenue
10  Phoenix, Arizona  85004
    Telephone:   602.229.5200
11  Facsimile:   602.229.5690

12  *Attorneys for Defendant,*
    *Home Depot USA, Inc.*
13

14              IN THE UNITED STATES DISTRICT COURT

15                 FOR THE DISTRICT OF ARIZONA

16

17  Advocates for Individuals with Disabilities,    Case No. 2:16-CV-01002-ROS
    LLC and David Ritzenthaler,
18                                                   **HOME DEPOT USA, INC.'S MOTION
                                                     FOR CONSOLIDATION**
19                       Plaintiff,

20            v.

21  Home Depot USA, Inc.,

22                       Defendants.

23          Pursuant to Federal Rule of Civil Procedure 42 and Local Rule 42.1, Defendant

24  Home Depot USA, Inc. (hereinafter "Defendant"), hereby moves this Court to enter an

25  Order consolidating the above-captioned action, *Advocates for Individuals with*

26  *Disabilities LLC and David Ritzenthaler v. Home Depot USA, Inc.*, 2:16-CV-01002-ROS,

("Lawsuit 1"), with *Advocates for Individuals with Disabilities, LLC and David Ritzenthaler v. Home Depot USA, Inc.*, Case No. 2:16-cv-01003-GMS ("Lawsuit 2"); *Advocates for Individuals with Disabilities, LLC and David Ritzenthaler v. HD Development of Maryland, Inc.*, Case No. 2:16-cv-01704-SPL ("Lawsuit 3"); and *Advocates for Individuals with Disabilities Foundation, Inc. v. Home Depot USA, Inc.*, Case No. 2:16-cv-02149-NVW ("Lawsuit 4") and together with Lawsuits 1, 2, 3, the "Lawsuits") for all purposes, including discovery, pretrial proceedings and trial. Judicial economy and the interests of justice favor consolidation as the four actions involve common factual and legal issues.

This Motion is supported by the following the Memorandum of Points and Authorities, the Declaration of Michael J. Chilleen attached hereto as Exhibit "1", the entire record in the Lawsuits, and any additional matter or argument that this Court may consider at the hearing of this motion.

In accordance with Local Rule 42.1, this Motion has been filed in the case with the lowest case number in which the movant is a party. A proposed form of Order is also submitted concurrently herewith.

RESPECTFULLY SUBMITTED this 3rd day of August, 2016.

SHEPPARD, MULLIN, RICHTER &
  HAMPTON LLP
A Limited Liability Partnership
Including Professional Corporations
650 Town Center Drive, 4th Floor
Costa Mesa, California 92626-1993

QUARLES & BRADY LLP
Renaissance One
Two North Central Avenue
Phoenix, AZ 85004-2391

By */s/ Lauren Elliott Stine*
    Lauren Elliott Stine

*Attorneys for Defendant Home Depot USA, Inc.*

1

**MEMORANDUM OF POINTS AND AUTHORITIES**

2

**INTRODUCTION**

3    Plaintiffs have filed four nearly identical ADA lawsuits against defendants Home

4  Depot USA Inc. and HD Development of Maryland Inc. alleging that the parking lots

5  serving the subject Home Depot stores lack compliant van-accessible parking signs.  As

6  explained below, the Court should consolidate all of these Lawsuits since they involve the

7  same or substantially the same parties, events, causes of action, and questions of law and

8  fact, and adjudicating them separately would be inefficient and cause a duplication of

9  labor and expense.

10

**STATEMENT OF FACTS**

11

**A.    LAWSUIT 1:  2:16-CV-01002-ROS**

12    On March 18, 2016, plaintiffs Advocates for Individuals with Disabilities, LLC

13  ("AID") and David Ritzenthaler ("Ritzenthaler") filed an action against Home Depot USA

14  Inc. alleging that the parking lot serving one of its Home Depot stores located at 5230 W.

15  Baseline Road in Laveen contained architectural barriers in violation of the ADA and its

16  state counterpart, A.R.S. § 41-1492.  (Dkt. 1, Complaint 1 at ¶¶2, 4).  In particular,

17  plaintiffs allege that when Ritzenthaler drove by the store on February 17, 2016, the

18  parking    lot    failed    "to    include    a    sign    with    the    International    Symbol    of

19  Accessibility…and…fail[ed]  to  identify  van  parking  spaces  by  the  designation  'van

20  accessible.'"  (Dkt. 1, Complaint 1 at ¶10).  This lawsuit was the first-filed case, and it is

21  assigned to United States District Court Judge Roslyn O. Silver.  On June 20, 2016, this

22  Court issued a scheduling order.  (Dkt. 18.)

23

**B.    LAWSUIT 2:  2:16-CV-01003-GMS**

24    On March 18, 2016, plaintiffs AID and Ritzenthaler filed an action against Home

25  Depot USA Inc. alleging that the parking lot serving one of its Home Depot stores located

26  at 16803 N. Tatum Blvd. in Scottsdale contained architectural barriers in violation of the

1    ADA and its state counterpart, A.R.S. § 41-1492. (Dkt. 1, Complaint 2 at ¶¶2, 4, attached

2    as Exhibit A to Chilleen Decl.). In particular, plaintiffs allege that when Ritzenthaler

3    drove by the store on February 17, 2016, the parking lot failed to properly identify van

4    accessible spaces. (Dkt. 1, Complaint 2 at ¶10). This case is assigned to United States

5    District Court Judge G. Murray Snow. On June 24, 2016, the Court issued a scheduling

6    order. (Dkt. 18.)

7    **C.    LAWSUIT 3: 2:16-CV-01704-SPL**

8          On May 10, 2016, plaintiffs AID and Ritzenthaler filed an action against HD

9    Development of Maryland Inc. alleging that the parking lot serving one of its Home Depot

10   stores located at 650 N. 54th Street in Chandler contained architectural barriers in violation

11   of the ADA and its state counterpart, A.R.S. § 41-1492. (Dkt. 1, Complaint 3 at ¶¶2, 4,

12   attached as Exhibit B to Chilleen Decl.). In particular, plaintiffs complain that when

13   Ritzhenthaler drove by the parking lot on March 15, 2016, the parking lot failed "to

14   identify van parking spaces by the designation 'van accessible' and or fail[ed] to maintain

15   the minimum height of 60 inches above the finish floor or ground surface measured to the

16   bottom of the sign." (Dkt. 1, Complaint 3 at ¶10). This case is assigned to United States

17   District Court Judge Steven P. Logan. On August 1, 2016, the Court issued a scheduling

18   order. (Dkt. 25.)

19   **D.    LAWSUIT 4: 2:16-CV-02149-NVW**

20         On June 9, 2016, plaintiff Advocates for Individuals with Disabilities Foundation,

21   Inc. filed an action against Home Depot USA Inc. alleging that the parking lot serving one

22   of its Home Depot stores located at 2530 E. Germann Road in Chandler contained

23   architectural barriers in violation of the ADA and its state counterpart, A.R.S. § 41-1492.

24   (Complaint 4 at ¶¶2, 4, attached as Exhibit C to Chilleen Decl.). In particular, plaintiff

25   alleges that on March 17, 2016, the parking lot failed "to identify van parking spaces by

26   the designation 'van accessible' and or fail[ed] to maintain the minimum height of 60

1    inches above the finish floor."  (Complaint 4 at ¶23).  This case is assigned to United

2    States District Court Judge Neil V. Wake.  A case management conference is scheduled

3    for September 15, 2016.  (Dkt. 11.)

4                                **ARGUMENT**

5    **I.      LEGAL STANDARD.**

6            Under F.R.C.P. 42, a court may consolidate actions "involving a common question

7    of law or fact."  F.R.C.P. 42(a)(2).

8            Under Local Rule 42.1, "when two or more cases are pending before different

9    Judges, a party in any of those cases may file a motion to transfer the case or cases to a

10    single judge on the ground that the cases: (1) arise from substantially the same transaction

11    or event; (2) involve substantially the same parties or property; (3) involve the same

12    patent, trademark, or copyright; (4) call for determination of substantially the same

13    questions of law; or (5) for any other reason would entail substantial duplication of labor

14    if heard by different judges."  L.R. 42.1(a).

15            "The following factors may be considered in determining the Judge to whom the

16    case or cases will be assigned: (1) whether substantive matters have been considered in a

17    case; (2) which Judge has the most familiarity with the issues involved in the cases; (3)

18    whether a case is reasonably viewed as the lead or principal case; or (4) any other factor

19    serving the interest of judicial economy."  L.R. 42.1(d).

20    **II.     ALL FOUR LAWSUITS SHOULD BE CONSOLIDATED AND ASSIGNED
           TO EITHER JUDGE SILVER OR JUDGE SNOW.**
21

22            In this case, it cannot be reasonably disputed that all four Lawsuits involve

23    common questions of law or fact, arise substantially from the same event, involve

24    substantially the same parties, and would entail substantial duplication of labor if heard by

25    different judges:

26            • All four Lawsuits assert the exact same causes of action – alleged violations of

the ADA and A.R.S. § 41-492;

• All four Lawsuits involve substantially the same parties – plaintiffs AID and Ritzenthaler in Lawsuits 1, 2 and 3 and a related advocacy group in Lawsuit 4, and defendant Home Depot USA Inc. in Lawsuits 1, 2, and 4 and a related entity, HD Development of Maryland Inc., in Lawsuit 3;

• All four Lawsuits involve parking lots serving Home Depot stores and allege the same type of violation – the failure to have proper van accessible parking signs;

• All four Lawsuits involve substantially the same events – Ritzenthaler drove by four Home Depot stores (two on the same day) to try to find missing or improper parking signage;

• The attorneys representing the plaintiffs and defendants are the same in all four Lawsuits; and

• Adjudicating these four Lawsuits separately would involve substantial duplication of labor – the parties would have to propound four sets of written discovery instead of one, take and defend duplicative depositions of the same parties, conduct separate settlement conferences, file duplicative discovery and dispositive motions, attend separate hearings etc.

For the above reasons, Defendant requests that all four Lawsuits be consolidated. Since Lawsuits 1 and 2 concern events that occurred on the same day (May 17), they can reasonably be viewed as the lead cases. Lawsuits 1 and 2 were also filed first on the same day (March 18). Thus, Defendant requests that all Lawsuits be consolidated and assigned either to Judge Silver or to Judge Snow.

## CONCLUSION

For the above reasons, Defendant requests that the Court grant its motion for consolidation.

/ / / /

RESPECTFULLY SUBMITTED this 3rd day of August, 2016.

SHEPPARD, MULLIN, RICHTER &
HAMPTON LLP
A Limited Liability Partnership
Including Professional Corporations
650 Town Center Drive, 4th Floor
Costa Mesa, California 92626-1993

QUARLES & BRADY LLP
Renaissance One
Two North Central Avenue
Phoenix, AZ  85004-2391

By */s/ Lauren Elliott Stine*
    Lauren Elliott Stine

*Attorneys for Defendant Home Depot*
*USA, Inc.*


## CERTIFICATE OF SERVICE

I hereby certify that on August 3, 2016, I electronically transmitted the attached document to the Clerk's Office using the CM/ECF System for filing and transmittal of a Notice of Electronic Filing to all CM/ECF registrants.


*/s/ Maria Marotta*

-7-